IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 15-23 |
| | ) | Civil No. 18-1470 |
| RONALD RHODES, | ) | |
| | ) | |
| Defendant | ) | |

## **MEMORANDUM OPINION**

Pending before the court is the pro se § 2255 motion filed by Ronald Rhodes ("Rhodes") (ECF No. 55). The government filed a response in opposition to the § 2255 motion, arguing that it is barred by the statute of limitations. (ECF No. 64). The motion is ripe for disposition.

Factual and Procedural Background

Rhodes was sentenced and judgment was entered on December 21, 2015. (ECF No. 49). He did not file a direct appeal. Rhodes filed his original § 2255 motion on November 2, 2018. On February 19, 2019, the court granted the government's request for a "Miller notice," *see* United States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999), (ECF No. 61). On March 26, 2019, Rhodes filed a "supplement" to his motion, which repeated the original motion verbatim and attached a letter asking the court to obtain information about the search conducted at his home on December 14, 2014 (ECF No. 62).

Legal Analysis

Pursuant to 28 U.S.C. § 2255(f): "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—"

1

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence."

Rhodes' judgment of conviction became final on January 4, 2016, when the 14-day period for him to file a direct appeal expired. Rhodes did not file his § 2255 until November 2018, almost three years later. It appears on its face, therefore, to be untimely filed.

Rhodes argues that the one-year statute of limitations does not bar his motion because: (1) recent amendments were retroactive; and (2) new evidence and information took a long time to retrieve. (ECF No. 62 at 12). The court concludes that neither exception to the one-year statute of limitations is applicable.

    A. Retroactive, Newly-Recognized Right Pursuant to § 2255(f)(3)

Rhodes did not specify the grounds for his argument under § 2255(f)(3). He merely stated: "Motion is timely after recent Amendments were retroactively sought after." [sic] (ECF No. 62 at 12). Rhodes did not identify a newly-recognized "right"; he did not cite a Supreme Court decision; and he did not explain how that right was made retroactively applicable to his case.

Conclusory allegations are insufficient to entitle a defendant to relief under Section 2255. *See United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) ("vague and conclusory

allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court") (citing *United States v. Dawson*, 857 F.2d 923, 928 (3d Cir.1988)).

Rhodes' § 2255 motion asserts: (1) a violation of his Miranda rights, Fifth Amendment and Due Process rights based on the alleged failure to provide a copy of the search warrant; (2) ineffective assistance of counsel; (3) suppression of evidence; and (4) a request to modify the terms of his supervised release. The court is unaware of any decisions within the limitations period in which a right impacting any of Rhodes' grounds for relief was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

Rhodes' vague and conclusory reference to retroactivity "is precisely the sort of unadorned legal conclusion that, without supporting factual allegations, [the courts] have consistently found insufficient to warrant an evidentiary hearing." *Palmer v. Hendricks*, 592 F.3d 386, 395 (3d Cir. 2010).

B. Discovery of New Facts Pursuant to § 2255(f)(4)

Rhodes' contentions regarding new evidence are also conclusory. Rhodes does not recite actual new evidence of innocence or a constitutional error in his conviction or sentence. Instead, he explains that he "sent out for FOIA requests to help prepare this and never received anything back in regards to it." (ECF No. 62 at 12). Rhodes explains further that he does not know whether the officers had a search warrant or not; he knows only that he was not shown it. *Id*.

It appears that the primary focus of Rhodes' § 2255 motion is the search warrant for the search conducted on December 14, 2014. Even if Rhodes were able to obtain that document, it is unclear how it would support relief under § 2255. Rhodes did not file a suppression motion in

3

this case. Motions to suppress evidence based on an illegal search are waived absent good cause unless presented to the district court. *United States v. White*, 336 F. App'x 185, 187 (3d Cir. 2009). Even if Rhodes had filed a suppression motion, the proper procedural step would have been a direct appeal of that ruling, rather than a collateral attack under § 2255. "Section 2255 petitions are not substitutes for direct appeals and serve only to protect a defendant from a violation of the constitution or from a statutory defect so fundamental that a complete miscarriage of justice has occurred." *United States v. Cepero*, 224 F.3d 256, 267 (3d Cir. 2000), abrogated on other grounds by *Gonzalez v. Thaler*, 565 U.S. 134 (2012).

In addition, Rhodes did not establish that he acted with the requisite "due diligence" to acquire evidence required by § 2255(f)(4). As the Supreme Court explained, a § 2255 petitioner is entitled to equitable tolling only if he shows: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In *United States v. Bayron*, No. CIV.A. 12-2878, 2012 WL 3704787, at *2 (E.D. Pa. Aug. 9, 2012), report and recommendation adopted, No. CIV.A. 12-2878, 2012 WL 3715225 (E.D. Pa. Aug. 28, 2012) (involving a § 2255 motion based on a FOIA request), the court declined to equitably toll the limitations period, noting the doctrine "applied only in the rare situation where it is demanded by sound legal principles and the interests of justice." In this case, as in *Bayron*, Rhodes did not demonstrate that he acted diligently to obtain the search warrant.

In summary, there is no basis to equitably toll the one-year limitations period under § 2255(f)(3) or (f)(4). Rhodes' § 2255 motion is untimely and must be denied.

Certificate of Appealability

When a district court issues a final order denying a § 2255 motion, the court must also make a determination about whether a certificate of appealability ("COA") should issue or the clerk of the court of appeals shall remand the case to the district court for a prompt determination about whether a certificate should issue. See 3rd Cir. LAR. 22.2.

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the Petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Based upon the motion, files and records in this case, and for the reasons set forth herein, Petitioner did not make a substantial showing of a denial of his constitutional rights. A COA will not issue.

An appropriate order follows.

May 28, 2019

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | Criminal No. 15-23 |
| | ) | Civil No. 18-1470 |
| RONALD RHODES, | ) | |
| | ) | |
| Defendant | ) | |

## **ORDER**

AND NOW, this 28th day of May, 2019, it is hereby ORDERED that for the reasons set forth in the accompanying memorandum opinion, the pro se § 2255 motion filed by Ronald Rhodes ("Rhodes") (ECF No. 55) is DENIED. IT IS FURTHER ORDERED that no certificate of appealability shall issue. Civil Action No. 18-1470 shall be marked closed.

BY THE COURT:

/s/ *Joy Flowers Conti*
Joy Flowers Conti
Senior United States District Judge

cc:
Ronald Rhodes, Petitioner
Inmate Number 35572068
FCI-Elkton
P.O. Box 10
Lisbon, Ohio 44432